

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 SEP 20  PM 12: 09

CLERK OF COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ANDREW J. GONZALEZ | ) | |
| *Plaintiff.* | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | **4-12CV-665  A** |
| FIA CARD SERVICES, N.A. | ) | |
| | ) | |
| *Defendant.* | ) | TRIAL BY JURY DEMANDED |
| | ) | |

## COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action, have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is ANDREW J. GONZALEZ, a natural person, who resides in the State of Texas, in the County of Tarrant, and City of Fort Worth.

4. The Defendant in this lawsuit is FIA CARD SERVICES, N.A. ("FIA") a company with offices at 1100 N. King St. Wilmington, Delaware 19884.

### VENUE

5. The occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

6. Venue is proper in the Northern District of Texas.

## FACTUAL ALLEGATIONS

7.  Plaintiff individually, hereby sues Defendant FIA for violations of the Fair Credit
    Reporting Act (FCRA) 15 U.S.C. § 1681 *et seq.*

8.  On February 01, 2011, March 01, 2011, April 01, 2011, May 01, 2011, June 01, 2011,
    August 01, 2011, October 01, 2011, November 01, 2011 and January 01, 2012
    Defendant FIA had pulled  Trans Union consumer report without permissible purpose.

9.  At no time did Plaintiff ever have a relationship of any kind with Defendant FIA as
    defined within The Fair Credit Reporting Act 15 U.S.C. § 1681b(3)(A)-(F).

10. Based on information and belief, Defendant FIA did not have a lawful purpose for
    requesting, obtaining and using Plaintiff's consumer report from Trans Union on
    February 01, 2011, March 01, 2011, April 01, 2011, May 01, 2011, June 01, 2011,
    August 01, 2011, October 01, 2011, November 01, 2011 and January 01, 2012  .
    Therefore, Defendant's request, acquisition and use of Plaintiff's consumer report was in
    violation of the Fair Credit Reporting Act, 15 U.S.C 15 § 1681b(f).

11. Defendant's failure to comply with the Fair Credit Reporting Act when it requested,
    obtained and used Plaintiff's TransUnion consumer report on February 01, 2011, March
    01, 2011, April 01, 2011, May 01, 2011, June 01, 2011, August 01, 2011, October 01,
    2011, November 01, 2011 and January 01, 2012 was willful, as contemplated under 15
    U.S.C. § 1681n under the Fair Credit Reporting Act.  As a result of said conduct by
    Defendant, Plaintiff has been damaged.

12. In the alternative, Defendant's failure to comply with the Fair Credit Reporting Act when
    it requested, obtained and used Plaintiff's consumer report on February 01, 2011, March
    01, 2011, April 01, 2011, May 01, 2011, June 01, 2011, August 01, 2011, October 01,

2011, November 01, 2011 and January 01, 2012 was negligent, as contemplated under 15 U.S.C. § 1681o under the Fair Credit Reporting Act.  As a result of said conduct by Defendant, Plaintiff has been damaged.

13. Discovery of FIA violation of The Fair Credit Reporting Act 15 U.S.C § 1681b(f) occurred on July 25, 2012 and is within the statues of limitations as defined by The Fair Credit Reporting Act 15 U.S.C § 1681p.

14. On July 26, 2012 Plaintiff sent a letter to FIA requesting proof that permission was given to pull consumer credit report by United States Postal Service certified mail # 7011 3500 0001 0069 1109.

15. On August 03, 2012 Defendant FIA sent a letter in response to Plaintiff's request on July 26, 2012 via United States Postal Service first class mail.

16. Defendant stated in letter dated August 03, 2012 to Plaintiff ANDREW J. GONZALEZ via United States Postal Service first class mail that "We have notified the appropriate consumer reporting agencies and asked them to remove the inquiries that posted to your credit file…".

17. On September 04, 2012 Plaintiff sent a notice of the violation to FIA by United States Postal Service certified mail #7011 3500 0001 0068 6204 with return receipt.  This was in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's consumer report on February 01, 2011, March 01, 2011, April 01, 2011, May 01, 2011, June 01, 2011, August 01, 2011, October 01, 2011, November 01, 2011 and January 01, 2012  before taking civil action against Defendant.

18. Plaintiff has not received any response to correspondence sent to Defendant via United States Postal Service certified mail #7011 3500 0001 0068 6204.

## COUNT I

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.**

19. Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

21. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

22. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

23. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

24. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

25. The actions of Defendant obtaining the Trans Union consumer report on February 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

26. At no time has the Defendant FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

27.  The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

28.  There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

29.  Paragraphs 1 through 28 are re-alleged as though fully set forth herein.

30.  Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

31.  Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

32.  FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

33.  Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

34.  The actions of Defendant obtaining the Trans Union consumer report on March 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

35. At no time has the Defendant FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

36.  The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

37. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.


## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

38. Paragraphs 1 through 37 are re-alleged as though fully set forth herein.

39. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

40. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

41. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

42. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

43. The actions of Defendant obtaining the Trans Union consumer report on April 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation

of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting
Act, 15 U.S.C. § 1681b.

44. At no time has the Defendant FIA ever indicated what justification they may have had for
obtaining Plaintiff's consumer report.

45. The defendant had a duty to properly ascertain if there was any legitimate permissible
purpose before obtaining Plaintiff's consumer report and Defendant breached said duty
by failing to do so.

46. There was no account that the Defendant had that would have given the Defendant
permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is
entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for
statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

47. Paragraphs 1 through 46 are re-alleged as though fully set forth herein.

48. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

49. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. §
1681a(f).

50. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15
U.S.C. 1681s-2.

51. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C.
§1681a(d).

52. The actions of Defendant obtaining the Trans Union consumer report on May 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

53. At no time has the Defendant FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

54. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

55. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT V

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

56. Paragraphs 1 through 55 are re-alleged as though fully set forth herein.

57. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

58. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

59. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

60. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

61. The actions of Defendant obtaining the Trans Union consumer report on June 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

62. At no time has the Defendant FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

63. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

64. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

65. Paragraphs 1 through 64 are re-alleged as though fully set forth herein.

66. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

67. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

68. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

69. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

70. The actions of Defendant obtaining the Trans Union consumer report on August 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

71. At no time has the Defendant FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

72. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

73. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VII

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.**

74. Paragraphs 1 through 73 are re-alleged as though fully set forth herein.

75. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

76. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. §
    1681a(f).

77. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15
    U.S.C. 1681s-2.

78. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C.
    §1681a(d).

79. The actions of Defendant obtaining the Trans Union consumer report on October 01,
    2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful
    violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit
    Reporting Act, 15 U.S.C. § 1681b.

80. At no time has the Defendant FIA ever indicated what justification they may have had for
    obtaining Plaintiff's consumer report.

81. The defendant had a duty to properly ascertain if there was any legitimate permissible
    purpose before obtaining Plaintiff's consumer report and Defendant breached said duty
    by failing to do so.

82. There was no account that the Defendant had that would have given the Defendant
    permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is
    entitled to damages for breach of said duty.

    WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for
statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT VIII

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL
NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.**

83. Paragraphs 1 through 82 are re-alleged as though fully set forth herein.

84. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

85. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. §
    1681a(f).

86. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15
    U.S.C. 1681s-2.

87. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C.
    §1681a(d).

88. The actions of Defendant obtaining the Trans Union consumer report on November 01,
    2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful
    violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit
    Reporting Act, 15 U.S.C. § 1681b.

89. At no time has the Defendant FIA ever indicated what justification they may have had for
    obtaining Plaintiff's consumer report.

90. The defendant had a duty to properly ascertain if there was any legitimate permissible
    purpose before obtaining Plaintiff's consumer report and Defendant breached said duty
    by failing to do so.

91. There was no account that the Defendant had that would have given the Defendant
    permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is
    entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT IX

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

92. Paragraphs 1 through 91 are re-alleged as though fully set forth herein.

93. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

94. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

95. FIA is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

96. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

97. The actions of Defendant obtaining the Trans Union consumer report on January 01, 2012, for the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

98. At no time has the Defendant FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.

99. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

100.    There was no account that the Defendant had that would have given the

Defendant permissible purpose to obtain Plaintiff's consumer report and therefore

Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for

statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.


## COUNT X

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

101.    Paragraphs 1 through 100 are re-alleged as though fully set forth herein.

102.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

103.    Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

104.    FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

105.    Consumer Report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

106.    The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

107.    The actions of Defendant obtaining the Trans Union consumer report on February 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

108. At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

109. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

110. Paragraphs 1 through 109 are re-alleged as though fully set forth herein.

111. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

112. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

113. FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

114. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

115. The actions of Defendant obtaining the Trans Union consumer report on March 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent

violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit

Reporting Act, 15 U.S.C. § 1681b.

116.  At no time has FIA ever indicated what justification they may have had for obtaining

Plaintiff's consumer report.  The defendant had a duty to properly ascertain if there was

any legitimate permissible purpose before obtaining Plaintiff's consumer report and

Defendant breached said duty by failing to do so.

117.  There was no account that the Defendant had that would have given the Defendant

permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is

entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for

statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

118.  Paragraphs 1 through 117 are re-alleged as though fully set forth herein.

119.  Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

120.  Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. §

1681a(f).

121.  FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act,

15 U.S.C. 1681s-2.

122.  Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C.

§1681a(d).

123. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

124. The actions of Defendant obtaining the Trans Union consumer report on April 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

125. At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

126. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XIV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

127. Paragraphs 1 through 126 are re-alleged as though fully set forth herein.

128. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

129. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

130. FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

131. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

132. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

133. The actions of Defendant obtaining the Trans Union consumer report on May 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

134. At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

135. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XV

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681,
NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.**

136. Paragraphs 1 through 135 are re-alleged as though fully set forth herein.

137. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

138. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. §
1681a(f).

139. FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act,
15 U.S.C. 1681s-2.

140. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C.
§1681a(d).

141. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for
which a person may obtain a consumer report.

142. The actions of Defendant obtaining the Trans Union consumer report on June 01, 2011,
for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent
violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit
Reporting Act, 15 U.S.C. § 1681b.

143. At no time has FIA ever indicated what justification they may have had for obtaining
Plaintiff's consumer report.  The defendant had a duty to properly ascertain if there was
any legitimate permissible purpose before obtaining Plaintiff's consumer report and
Defendant breached said duty by failing to do so.

144. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XVI

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.**

145. Paragraphs 1 through 144 are re-alleged as though fully set forth herein.

146. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

147. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

148. FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

149. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

150. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

151. The actions of Defendant obtaining the Trans Union consumer report on August 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

152. At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report. The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

153. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XVII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

154. Paragraphs 1 through 153 are re-alleged as though fully set forth herein.

155. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

156. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

157. FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

158. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

159. The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

160.  The actions of Defendant obtaining the Trans Union consumer report on October 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

161.  At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.  The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

162.  There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XVIII

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.

163.  Paragraphs 1 through 162 are re-alleged as though fully set forth herein.

164.  Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

165.  Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

166.  FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

167.  Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

168.  The Fair Credit Reporting Act, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer report.

169.  The actions of Defendant obtaining the Trans Union consumer report on November 01, 2011, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

170.  At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.  The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

171.  There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## COUNT XIX

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, NEGLIGENT NON-COMPLIANCE BY DEFENDANT FIA CARD SERVICES, N.A.**

172. Paragraphs 1 through 171 are re-alleged as though fully set forth herein.

173. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

174. Trans Union is a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

175. FIA is a furnisher of information within the meaning of The Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

176. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

177. The actions of Defendant obtaining the Trans Union consumer report on January 01, 2012, for the Plaintiff with no permissible purpose or Plaintiff's consent was a negligent violation of Fair Credit Reporting Act, 15 U.S.C. § 1681b(f) as defined by Fair Credit Reporting Act, 15 U.S.C. § 1681b.

178. At no time has FIA ever indicated what justification they may have had for obtaining Plaintiff's consumer report.  The defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and Defendant breached said duty by failing to do so.

179. There was no account that the Defendant had that would have given the Defendant permissible purpose to obtain Plaintiff's consumer report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant FIA for statutory damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681o.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  September 20, 2012

Respectfully Submitted,

Andrew J.  Gonzalez
3451 River Park Drive
Apt#1211
Fort Worth, Texas 76116
(817) 975-5655
gonandrew@yahoo.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ANDREW J. GONZALEZ | ) |
| *Plaintiff.* | ) |
| | ) |
| v. | ) |
| | ) |
| FIA CARD SERVICES, N.A. | ) |
| | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### VERIFICATION OF COMPLAINT

STATE OF TEXAS
COUNTY OF TARRANT

　　BEFORE ME personally appeared ANDREW J. GONZALEZ who, being by me first duly sworn and identified in accordance to Texas law, deposes and says:

1. My name is Andrew J. Gonzalez, Plaintiff herein.
2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

　　FURTHER THE AFFIANT SAYETH NAUGHT.

　　　　　　　　　　　　　　　　　Andrew J. Gonzalez, Affiant

State of Texas
County of _Tarrant_

SWORN TO and subscribed before me, a notary public, on this _20th_ day of _Sept_ 2012 personally appeared _Andrew Gonzalez_, known to me through description of identity card to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.



NORMAIDALIA SIFUENTES
My Commission Expires
January 26, 2015

　　　　　　　　　　　　　　Notary Public's Signature

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANDREW J GONZALEZ

### DEFENDANTS

FIA CARD SERVICES, N.A.

**(b)** County of Residence of First Listed Plaintiff   TARRANT
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   NEW CASTLE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 245 Tort Product Liability | | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1681

Brief description of cause:
Violations of The Fair Credit Reporting Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*   JUDGE                    DOCKET NUMBER

DATE
09/20/2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  FW 017790    AMOUNT  $350.00    APPLYING IFP    JUDGE    MAG. JUDGE

JS 44 Reverse  (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.     Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     Origin. Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.     Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.          Example:     U.S. Civil Statute: 47 USC 553
                                                         Brief Description: Unauthorized reception of cable service

VII.     Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     Related Cases. This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

Date and Attorney Signature. Date and sign the civil cover sheet.